*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
July 9, 2019

Plaintiff-Appellee,

v

No. 348991
Grand Traverse Circuit Court
LC No. 2018-013004-FH

SAMANTHA LYNN HUGHES,

Defendant-Appellant.

Before: JANSEN, P.J., and MARKEY and BECKERING, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] her sentence of 13 to 24 months' imprisonment for her plea-based conviction of tampering with an electronic monitoring device, MCL 771.3f. We reverse, vacate defendant's sentence, remand with instructions that a different judge resentence defendant for tampering with an electronic monitoring device, and we order the Grand Traverse Circuit Court to immediately issue an order granting defendant bond effective July 5, 2019, and order defendant's immediate release from the custody of the Department of Corrections. See *People v McCrary*, 450 Mich 890 (1995). This appeal has been decided without oral argument pursuant to MCR 7.214(E), and this opinion and the accompanying order has immediate effect under MCR 7.215(F)(2).

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 31, 2018, defendant pleaded guilty in district court to use of methamphetamine, a one-year misdemeanor, MCL 333.7404(2)(a), and tampering with an electronic monitoring device. In exchange for the guilty plea to methamphetamine use, the prosecutor dismissed other charges, and in exchange for the guilty plea to tampering with an electronic monitoring device, the prosecutor agreed not to pursue a third habitual offender enhancement. Also, with respect to the tampering with an electronic monitoring device conviction, the parties and the court agreed to delay sentencing for one year and that if defendant

---

[1] *People v Hughes*, ___ Mich ___ (2019) (Docket No. 159839).

successfully completed the first year of a three-year term of probation, the charge would be reduced to an attempt charge, which would make it a one-year misdemeanor.

On November 20, 2018, defendant pleaded guilty in district court to violating the terms of her probation. Defense counsel revealed at this hearing that defendant was pregnant. The district court discharged defendant from probation and bound the case over to circuit court, given that the tampering with an electronic monitoring device conviction was a felony.

On December 14, 2018, a sentencing hearing was held in circuit court. The circuit court noted that defendant was pregnant, and defendant revealed that her due date was July 9, 2019. Upon learning this information, the circuit court stated:

> One of the issues we need to discuss is my concern, I'll express this so you can be thinking of it, she has a history of methamphetamine use, cocaine use, and with an unborn child if she were to get out prior to delivery her child could very easily be damaged if she were to relapse into serious drug use, that's the concern as to how we're going to deal with that.

Defense counsel addressed the circuit court's concern about defendant's pregnancy, noting that defendant has two minor children and that she did not use any controlled substances during her earlier pregnancies, and defendant had indicated she would not use drugs during this pregnancy. Defendant told the court, "I would never jeopardize my children or baby due to any drugs."

However, in sentencing defendant, the circuit court stated:

> The problem I have got, even if I give her a year in jail, ten months, she's got almost five months in, she gets out a month or so before the baby is born and now she relapses into drug use it becomes extremely serious. Thinking about [defendant] versus the unborn child I think I know whose side I'm on.
>
> * * *
>
> The defendant is here for tampering with an electronic monitoring device. She has 16 misdemeanors, some of them are regulatory misdemeanors and aren't too serious, but a collection of drug use and so forth.
>
> What happened was she was on community corrections with some serious misdemeanors and she was misbehaving in community corrections, tested positive with cocaine, and when confronted by the community corrections officer, departed the District Court building and on the way leaving there, I think being driven by her mother, if I recall, right, I think so, she cut off her tether that she was wearing in connection with community corrections, and disappeared. A warrant was issued, and a month or so later she was finally – possession was reacquired. In the meantime she was involved in methamphetamine use, which is reflected in items 13 and 15, she was on District Court probation, and after cutting her tether off was charged with possession of methamphetamine and other charges and pled guilty to use. So, we have use of cocaine and we have use of methamphetamine.

-2-

Now, we find that after being arrested she's now it turns out to be in the early stages of pregnancy, and due date is said to be July 9. She's got 143 days credit. Even if I give her a year in jail, she will be released, let's see here, late April/early May, so we have a month and a half, two months probably, of time out frogging around before she delivers the child, and now we have the risk of exposing the child to drugs, which is not a moral problem so much as actual physical damage. We all the time encounter people I'm sentencing who have fetal alcohol syndrome or damaged In utero by drug use, it happens all the time, it's a life long disability and we cannot take that risk, and a year in jail won't even do it.

So I'm going to do what's necessary to protect the child and sentence the defendant to the Department of Corrections for no less than 13 months, no more than 24 months. Credit for 143 days time served. That will get her out probably a month after she delivers the child, that sounds just about right to me, and that will give us a healthy baby hopefully, and not just us but give [defendant] and her family a healthy baby to work with and for all society, so that's what we're doing.

On May 20, 2019, defendant filed a delayed application for leave to appeal. On June 20, 2019, this Court denied the delayed application for lack of merit in the grounds presented. *People v Hughes*, unpublished order of the Court of Appeals, entered June 20, 2019 (Docket No. 348991). In a lengthy dissenting statement, Judge Gleicher indicated that she would "grant the application, vacate defendant's sentence, and remand for resentencing before a different judge." *Id*. (GLEICHER, J., dissenting). Judge Gleicher stated that the circuit court had "departed from the guidelines solely because of [defendant's] pregnancy and the [circuit] court's intent to 'protect' [defendant's] fetus from possible drug use." After quoting extensively from the circuit court's comments at sentencing, Judge Gleicher reasoned:

The [circuit] court's decision to impose a prison sentence was not tethered to any of the sentencing guidelines or any principles of proportionality, and for that reason alone was improper. Further, [the circuit court] sentenced [defendant] to prison to protect [defendant's] fetus, despite having no evidence whatsoever that [defendant] was likely to subject the fetus to harm.

The sentence imposed also implicates Constitutional issues including [defendant's] right to privacy, and in my view constitutes discrimination based on [defendant's] pregnancy status. Those questions need not be explored, however, as the sentence imposed clearly contravenes the most basic precepts of sentencing. Rather than address the seriousness of the crimes [defendant] committed or [defendant's] background, the [circuit] court fashioned a sentence based solely on her pregnancy. This was error, and merits either expedited review or the prompt vacation of [defendant's] sentence. [*Id*.]

On June 26, 2019, defendant filed an application for leave to appeal in our Supreme Court. Two days later, our Supreme Court entered an order remanding the case to this Court for consideration as on leave granted and directing this Court to decide the case on an expedited basis. *People v Hughes*, ___ Mich ___ (2019) (Docket No. 159839).

## II. REASONABLENESS OF DEFENDANT'S SENTENCE

On appeal, defendant's sole argument is that her sentence constitutes an unreasonable and disproportionate departure from the guidelines range because it was predicated solely on defendant's pregnancy. That is, defendant contends that the sentence is disproportionate because it was calculated to ensure that defendant is in prison when the child is born so that defendant will not use drugs while pregnant.

Defendant suggests that she received a departure sentence because, given that the upper limit of her minimum sentence range is less than 18 months, the guidelines range placed her in an intermediate sanction cell, such that sentencing her to the jurisdiction of the Department of Corrections constituted a departure from the guidelines. We disagree. "Under [*People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), cert den *Michigan v Lockridge*, ___ US ___; 136 S Ct 590; 193 L Ed 2d 487 (2015)], a trial court is no longer required to impose an intermediate sanction." *People v Schrauben*, 314 Mich App 181, 194; 886 NW2d 173 (2016), lv den 500 Mich 860 (2016). In other words, in the wake of *Lockridge*, this Court held in *Schrauben* that "a trial court may, but is no longer required to, impose an intermediate sanction if the upper limit of the recommended minimum sentence range is 18 months or less." *Id*. at 195. "Now, pursuant to *Lockridge*, a trial court has discretion to impose an intermediate sanction if the upper limit of the recommended minimum sentence range is 18 months or less, but it is not required to do so." *Id*.

As a rule, this Court will decline to review sentences that fall within the applicable guidelines range for reasonableness because a sentence that falls within the applicable guidelines range is presumptively proportionate. *Schrauben*, 314 Mich App at 196. When a sentence is presumptively proportionate, a defendant is not entitled to resentencing absent a showing that there was an error in the scoring or the guidelines, or that the trial court relied on inaccurate information in determining defendant's sentence. MCL 769.34(10); *Schrauben*, 314 Mich App at 196. Here, defendant was sentenced within the applicable guidelines range, and has not identified any error in the scoring of the guidelines, and has not argued that the trial court relied on inaccurate information in determining defendant's sentence. MCL 769.34(10); *Schrauben*, 314 Mich App at 196. Ordinarily, we would be required to affirm defendant's sentence. However, in light of the trial court's underlying reasoning for imposing defendant's sentence as articulated on the record, we conclude that defendant's sentence is not presumptively proportionate. Moreover, as this Court articulated in *People v Conley*, 270 Mich App 301, 316; 836 NW2d 709 (2013), "MCL 769.34(10) . . . cannot authorize action in violation of the federal or state constitutions" and "cannot constitutionally be applied to preclude relief for sentencing errors of constitutional magnitude."

Our review of the trial court's articulated reasoning for fashioning defendant's sentence begs the conclusion that but for defendant's pregnancy, the trial court would have imposed a different or lesser sentence. Although the trial court briefly mentioned defendant's prior misdemeanor convictions and drug history, the basis for imposing a minimum sentence of 13 months' imprisonment was to prevent defendant from using drugs during her pregnancy in order to "protect" her unborn child. Essentially, the trial court determined defendant's sentence term based on her pregnancy due date.

We conclude that the trial court's reasoning behind defendant's sentence is constitutionally inappropriate, prejudicial, and exemplifies extreme bias. As our colleague, Judge Gleicher, previously articulated in her dissenting statement, "[t]he trial court's decision to impose a prison sentence was not tethered to any of the sentencing guidelines or any principles of proportionality," and moreover demonstrates "discrimination based on [defendant's] pregnancy status." *Hughes*, unpub order, p 2. Where our Supreme Court has held that discrimination "on the basis of a woman's pregnancy" constitutes discrimination based on sex, *Haynie v State*, 468 Mich 302, 310; 664 NW2d 129 (2003), we cannot allow any defendant's sentence to stand when it is the product of constitutionally impermissible discrimination. In sum, we conclude that the trial court's reasoning in imposing a sentence of 13 to 24 months' imprisonment amounted to an impermissible consideration of defendant's sex and therefore defendant's sentence cannot stand. Accordingly, resentencing is required.

Based on the foregoing, we reverse, vacate defendant's sentence, and remand for resentencing. Further, we remand with instructions that a different judge resentence defendant for tampering with an electronic monitoring device, and we order the Grand Traverse Circuit Court to immediately issue an order granting defendant bond effective July 5, 2019, and order defendant's immediate release from the custody of the Department of Corrections. See *People v McCrary*, 450 Mich 890 (1995). This opinion and the accompanying order has immediate effect under MCR 7.215(F)(2). We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ Jane M. Beckering

# Court of Appeals, State of Michigan

## ORDER

People of MI v Samantha Lynn Hughes

Docket No. 348991

LC No. 2018-013004-FH

Kathleen Jansen
Presiding Judge

Jane E. Markey

Jane M. Beckering
Judges

The Court orders that, for the reasons stated in this Court's opinion issued on today's date in this case, defendant's sentence is VACATED, and the case is REMANDED to the Grand Traverse Circuit Court for resentencing before a different judge. The proceedings on remand shall be given priority until they are concluded. Further, the Grand Traverse Circuit Court shall, before 4:30 p.m. today, issue an order granting bond effective July 9, 2019, and ordering defendant's immediate release from the custody of the Department of Corrections pending resentencing. See *People v McCrary*, 450 Mich 890 (1995). The proceedings on remand are limited to resentencing in accordance with this Court's opinion in this case.

We do not retain jurisdiction.

/s/ Kathleen Jansen

MARKEY, J., I dissent for the reasons stated in my dissenting opinion accompanying this order. I seriously call into question the legal authority of the majority to order the Grand Traverse Circuit Court to issue an order granting bond and directing the Department of Corrections to immediately release defendant. There is no citation of a supporting court rule or statute, and *People v McCrary,* 450 Mich 890 (1995), provides little insight or context. In sum, I am deeply concerned by the possible usurpation of power being exercised in this case.

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

July 9, 2019
Date

Chief Clerk